# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID WILLIAMS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JEFF SESSIONS, )<br>)<br>Respondent. ) | Civil Action No. 18-0520 (TNM) |

## MEMORANDUM AND ORDER

The Court dismissed the petitioner's petition for a writ of habeas corpus for lack of subject matter jurisdiction. This matter has come before the Court on the petitioner's Motion to Alter and/or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e); and Motion for Default Summary Judgment for a Writ of Habeas Corpus Pursuant to Federal Rule of Civil Procedure 56; and Motion to Amend Findings and Conclusions of Law Pursuant to Federal Rule of Civil Procedure 52(b), ECF No. 4; Motion for Immediate Determination of Petitioner's Federal Rule of Civil Procedure 59(e) Motion, and Motion for Federal Rule of Civil Procedure 52(a)(1): Findings and Conclusions by the Court, ECF No. 5; and Petition for Mandamus, ECF No. 6.

The Court treats the petitioner's motions collectively as a motion under Rule 59(e), which "provides a vehicle for reconsideration of final judgments." *Hentif v. Obama*, 883 F. Supp. 2d 97, 100 (D.D.C. 2012). A motion under Rule 59(e) "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). It "is not a second opportunity to present argument upon which the

1

Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier." *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997), *aff'd sub nom. Hicks v. United States*, No. 99-5010, 1999 WL 414253 (D.C. Cir. May 17, 1999) (per curiam).

Here, it appears that the petitioner offers substantially the same arguments set forth in the original petition. And regardless of the specific legal theories presented, the petitioner maintains that his detention in federal custody is unlawful, as it violates the Constitution, laws, or treaties of the United States. If any relief is available to the petitioner on such a theory, he must seek it in the district having jurisdiction over his immediate custodian, who in this case is the Warden of FCI Terminal Island in San Pedro, California. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Day v. Trump*, 860 F.3d 686, 689 (D.C. Cir. 2017). The Court concludes that the petitioner has not shown that the relief he seeks under Rule 59(e) is warranted.

Accordingly, it is hereby

ORDERED that the petitioner's Motion to Alter and/or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e); and Motion for Default Summary Judgment for a Writ of Habeas Corpus Pursuant to Federal Rule of Civil Procedure 56; and Motion to Amend Findings and Conclusions of Law Pursuant to Federal Rule of Civil Procedure 52(b) [4]; Motion for Immediate Determination of Petitioner's Federal Rule of Civil Procedure 59(e) Motion, and Motion for Federal Rule of Civil Procedure 52(a)(1): Findings and Conclusions by the Court [5]; and Petition for Mandamus [6] are DENIED.

SO ORDERED.

Dated: July 9, 2018

TREVOR N. MCFADDEN
United States District Judge